**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travelers Casualty & Surety Co. of America,<br><br>              Plaintiff,<br><br>vs.<br><br>W.P. Rowland Constructors Corp.; W.P. Rowland Properties Corp.; R.L.H. Associates LLC; RCCG Management Inc.; Rowland Companies-Western Inc.; Rowland Companies-Southwest Inc.; Rowland Companies-Central Inc.; Rowland Constructors Group Inc.; Rowland Companies Construction Group Inc.; Rowland Texas GP; Rowland Texas LP; Rowland Companies Southeast Inc.; W.P. Rowland Enterprises LP; 8324 E. Hartford Drive LLC; WLR Trust I; BKR Trust I Dated 9/1/05; Linda L. Rowland; James B. Rowland; Kimberly A. Rowland; William P. Rowland,<br><br>              Defendants. | CV 12-00390-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion for preliminary injunction (doc. 14). The entity defendants responded (doc. 32), and the individual and trust defendants joined in the response (doc. 34). Initially, plaintiff did not file a reply. On April 16, 2012, we ordered defendants to file a memorandum addressing the citizenship of the LLC and partnership

defendants (doc. 42). In addition, because defendants did not object to plaintiff's request for an injunction requiring defendants to use contract proceeds from bonded projects to pay bonded debts, we granted in part plaintiff's motion for preliminary injunction. We reserved ruling on the remainder of the motion and ordered plaintiff to file a reply. Defendants filed their memorandum of citizenship (doc. 43) and plaintiff filed its reply (doc. 44) in accordance with our order.

After review of the record, we are satisfied that there is complete diversity between the parties and find that an evidentiary hearing is not needed to resolve the remainder of plaintiff's motion for preliminary injunctive relief.

**I**

In October 2010, defendants William Rowland, Linda Rowland, James Rowland, Kimberly Rowland, Rowland Constructors Group, RCCG Management, Roland Companies-Western, Roland Companies-Southwest, Roland Companies-Central, W.P. Rowland Constructors, R.L.H. Associates, LLC, the WLR Trust I, and the BKR Trust I ("the Indemnitors") executed a General Agreement of Indemnity ("the Agreement") in exchange for bonds issued by plaintiff. By signing the Agreement, the Indemnitors promised to indemnify plaintiff against loss arising from the bonds.[1] The Agreement includes a paragraph titled "Collateral Security," where the Indemnitors promised to deposit an amount determined by plaintiff to be sufficient to discharge any losses "upon demand" of plaintiff. Compl., ex. A ¶ 5. The Indemnitors also agreed that plaintiff "would suffer irreparable damage and would not have an adequate remedy at law" if they failed to comply. Id.

Plaintiff issued two bonds in connection with defendants' construction projects for the Birchman Baptist Church and the Comanche County Memorial Hospital. Plaintiff began

---

[1] The Agreement defines indemnitors as those signing the Agreement, along with "their present and future direct and indirect subsidiaries, affiliates, and parent companies," as well as "any joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of them are involved." Compl., ex. A ¶ 1 (doc. 13).

- 2 -

1  receiving payment bond claims relating to these projects. On February 1, 2012, plaintiff sent
2  the Indemnitors a letter stating that they defaulted under the terms of the Agreement and
3  demanding that they deposit $1,303,088 as collateral security. Compl., ex. B.
4        Plaintiff filed this action on February 23, 2012. An amended complaint was filed
5  March 1, 2012 (doc. 11). The amended complaint asserts four counts: (1) breach of contract;
6  (2) specific performance - collateral; (3) *quia timet*; and (4) claim and delivery. That same
7  day, plaintiff moved for a preliminary injunction, which we have already granted in part as
8  discussed above (doc. 42). We now address plaintiff's outstanding request for a preliminary
9  injunction that (1) requires defendants to deposit $1,303,088 as collateral and (2) prohibits
10 defendants from transferring or otherwise secreting assets until collateral is provided.

**II**

12       A federal court sitting in diversity applies federal procedure and state substantive law
13 to state law claims. See Hanna v. Plumer, 380 U.S. 460, 471, 85 S. Ct. 1136, 1144 (1965).
14 Plaintiff argues, citing Sims Snowboards, Inc. v. Kelly, 863 F.2d 643 (9th Cir. 1988), that
15 we must apply Arizona law rather than Rule 65, Fed. R. Civ. P. and its standards. We
16 disagree. Sims first determined that there was no direct conflict between Rule 65, Fed. R.
17 Civ. P. and the California anti-injunction statute, which "expressly prohibits" injunctions in
18 the type of claim at issue. Id. at 646. Noting that the Erie doctrine requires the application
19 of state law "if the state law is outcome-determinative," Sims held that a federal court sitting
20 in diversity may not grant preliminary injunctive relief "if state law clearly rejects the
21 availability of that remedy," because in that scenario the selection of state or federal law is
22 "outcome-determinative." Id. at 646-47. We are not presented with the same scenario. Both
23 federal law and Arizona law permit a court to issue the type of preliminary injunctive relief
24 requested by plaintiff. And at heart, Rule 65, Fed. R. Civ. P. is procedural. See id. at 646
25 ("Rule 65 merely sets out the procedural requirements for injunctions and restraining
26 orders."). Accordingly, we apply it here. Because we apply the federal rule, we apply
27 federal law interpreting that rule. See Sullivan v. Vallejo City Unified Sch. Dist., 731 F.
28 Supp. 947, 957 (E.D. Cal. 1990); see also Certified Restoration Dry Cleaning Network, LLC

1 v. Tenke Corp., 511 F.3d 535, 541 (6th Cir. 2007) (applying federal law "factors to consider in granting a preliminary injunction"); Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1448 (11th Cir. 1991) (applying federal standard for granting a preliminary injunction rather than the more lenient state law standard in a diversity action).

### III

Preliminary injunctive relief is "an extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376 (2008). To obtain it, plaintiff must show that (1) it is "likely to succeed on the merits," (2) it is "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." Id. at 20, 129 S. Ct. at 374.

A preliminary injunction can be either prohibitory or mandatory. A prohibitory injunction "prohibits a party from taking action," preserving the *status quo* until the action is decided on the merits. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009). A mandatory injunction orders a party to act in a way that goes beyond maintenance of the *status quo* and "is particularly disfavored." Id. at 879 (citation omitted). Mandatory injunctions are generally not granted unless "extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." Id. (citation omitted).

Plaintiff seeks an injunction requiring defendants to deposit $1,303,088 as collateral security. Although plaintiff argues that pursuant to Arizona law it is entitled to injunctive relief of collateralization under the doctrine of *quia timet*, it has not pointed to any Ninth Circuit cases that grant preliminary injunctive relief of collateralization pursuant to *quia timet*. See Hudson Ins. Co. v. Simmons Constr., LLC, CV-12-407-PHX-GMS, 2012 WL 869383, at *3 (D. Ariz. Mar. 14, 2012) (finding no cases in this Circuit issuing a temporary restraining order ("TRO") based on the common-law doctrine of *quia timet*, noting that courts entering TROs requiring collateralization have relied on Rule 65, Fed. R. Civ. P.).

Accordingly, to obtain collateralization as preliminary injunctive relief, plaintiff must show that it will likely suffer irreparable harm. Id. Defendants argue that plaintiff has not

- 4 -

1   met its burden. We agree. Plaintiff points to the Agreement's language, arguing that
2   defendants agreed that plaintiff "would suffer irreparable damage and would not have an
3   adequate remedy at law." Compl., ex. A ¶ 5. But this contractual language, without more,
4   does not show a likelihood of irreparable harm. See Hudson, 2012 WL 869383 at *4 (fact
5   that surety agreement used term "irreparable harm" did not in itself "support the
6   extraordinary remedy" of a temporary restraining order). Plaintiff has not shown that it is
7   likely to incur any damages other than the economic cost of paying the bond claims prior to
8   receiving collateral. Economic injury alone, however, "does not support a finding of
9   irreparable harm, because such injury can be remedied by a damage award." Rent-A-Center,
10  Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991).
11  Moreover, ordering defendants to pay collateral amounts to a mandatory injunction. Plaintiff
12  has not shown that extreme or very serious damage will result if the collateral is not
13  provided. It has not, for example, established that it does not possess sufficient funds to pay
14  the bond claims. And it has not shown that the injury sustained by defendants' failure to
15  provide collateral is incapable of being compensated with money damages. See Marlyn
16  Nutraceuticals, 571 F.3d at 879. Because plaintiff has not shown it is likely to suffer
17  irreparable harm or that a mandatory injunction is warranted, it is not entitled to preliminary
18  injunctive relief requiring defendants to provide collateral security.

19       Plaintiff also requests an injunction prohibiting defendants from transferring or
20  secreting their assets until collateral is provided. Unlike plaintiff's request for collateral, this
21  is a prohibitory injunction. Dissipation of assets can constitute irreparable harm. See In re
22  Focus Media Inc., 387 F.3d 1077, 1086-87 (9th Cir. 2004). However, plaintiff has not shown
23  that irreparable harm is likely. Although plaintiff alleges in its complaint that defendants are
24  diverting assets into the WLR Trust II and WLR Trust III, the only evidence submitted by
25  plaintiff is a letter from the Trustee confirming that these trust assets cannot be assigned to
26  secure obligations for William Rowland because he has no interest in these two trusts. Mot.
27  for Prelim. Inj., ex. 7 (doc. 15). This letter does not prove that defendants will likely secret
28  or divert assets. It merely shows that assets, if they were to be transferred to these two trusts,

could not be reached by plaintiff to secure William Rowland's obligations. Because plaintiff has not shown that it is likely to incur irreparable harm, it is not entitled to preliminary injunctive relief prohibiting defendants from diverting asserts.

## IV

Despite our denial of the remainder of this motion, we note that plaintiff's likelihood of success on the underlying merits is high. In signing the Agreement, the Indemnitors agreed to indemnify plaintiff for loss relating to the bonds and agreed to provide collateral upon demand. Plaintiff is now receiving bond claims and has demanded collateral, which defendants have not provided. Although we deny plaintiff's request for preliminary injunctive relief based on the current record, plaintiff's motion was based on its mistaken belief that state rather than federal law would apply. It may be the case that plaintiff can prove that it is entitled to preliminary injunctive relief under the applicable federal standards.

Accordingly, **IT IS ORDERED DENYING** the remainder of plaintiff's motion for preliminary injunction (doc. 14). Plaintiff's requests that defendants be required to deposit $1,303,088 as collateral and that defendants be prohibited from secreting or diverting assets are **DENIED**. The injunction ordering defendants to use contract proceeds from bonded projects to pay bonded debts to claimants who have properly perfected a valid bond claim is **AFFIRMED** (doc. 42).

This denial is without prejudice to the right of plaintiff to file a motion showing it is entitled to preliminary injunctive relief under federal standards.

DATED this 15th day of May, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge