**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travelers Casualty and Surety Company of America,<br><br>              Plaintiff,<br><br>vs.<br><br>W.P. Rowland Constructors Corp., et al.<br><br>              Defendants. | No. CV-12-00390-PHX-FJM<br><br>**PARTIAL JUDGMENT** |

      This court granted Plaintiff's Motion for Partial Summary Judgment on Count I (doc. 80), and Plaintiff's Motion for Partial Summary Judgment on Count II (doc. 81), and denied Defendants' Motion for Reconsideration (doc. 110). Plaintiff now requests entry of judgment pursuant to Rule 54(b), Fed. R. Civ. P., on Counts I and II (doc. 114). Defendants object to the proposed form of partial judgment, arguing that the proposed form incorrectly states the amount of prejudgment interest allowed under Arizona law.

      In diversity actions, state law determines the rate of prejudgment interest while federal law governs post-judgment interest. American Tel. & Tel. Co. v. United Computer Sys., Inc., 98 F.3d 1206, 1209 (9th Cir. 1996). A.R.S. § 44-1201(A) provides that "[i]nterest on any loan, indebtedness or other obligation shall be at the rate of ten

per cent per annum." This action involves the collection on "indebtedness or other obligation." Therefore, pursuant to § 44-1201(A), 10% is the appropriate interest rate on this debt before judgment is entered. In contrast, § 44-1201(B) expressly applies to "interest on any *judgment*." Id. (emphasis added). Accordingly, subsection (B) provides the appropriate rate for post-judgment interest in a state action. But because federal law governs post-judgment interest in this diversity action, 28 U.S.C. § 1961 dictates the rate of post-judgment interest. Section 44-1201(B) does not apply in this case.

Therefore, **IT IS ORDERED AND ADJUDGED** Plaintiff Travelers Casualty and Surety Company of America shall recover judgment on Count I and Count II of its Amended Complaint, in the amounts set forth below, against the following defendants:

1. W.P. Rowland Constructors Corp.
2. W.P. Rowland Properties Corp.
3. RCCG Management, Inc.
4. Rowland Companies-Western, Inc.
5. Rowland Companies Southwest, Inc.
6. Rowland Companies Central, Inc.
7. Rowland Constructors Group, Inc.
8. Rowland Companies Construction Group, Inc.
9. Rowland Texas, G.P.
10. Rowland Texas L.P.
11. Rowland Companies Southeast, Inc.
12. W.P. Rowland Enterprises, L.P.
13. 8324 E. Hartford Drive, LLC
14. William P. Rowland

15. Linda L. Rowland

16. James B. Rowland

17. Kimberly A. Rowland

18. William P. Rowland and Linda L. Rowland, Trustees of the WLR Trust I

19. James B. Rowland and Kimberly A. Rowland, Trustees of the BKR Trust I dated September 1, 2005

**IT IS FURTHER ORDERED** that Plaintiff Travelers Casualty and Surety Company of America shall have judgment against the defendants 1-19 listed above, and each of them, jointly and severally, on Count I of the Amended Complaint in the principal sum of $626,411.34, plus pre-judgment interest thereon at the rate of ten percent (10%) per annum from August 16, 2012 through the date of entry of this Judgment.

**IT IS FURTHER ORDERED** that Plaintiff Travelers Casualty and Surety Company of America shall have judgment against the defendants 1-19 listed above, and each of them, jointly and severally, on Count II of the Amended Complaint, and the defendants 1-19 listed above shall provide Plaintiff with collateral in the principal sum of $1,303,088.00, plus pre-judgment interest thereon at the rate of ten percent (10%) per annum from February 10, 2012 through the date of entry of this Judgment. Collateral may not be disbursed until indemnifiable claims are determined. The remainder of the collateral, if any, must be returned to defendants once all claims are satisfied.

**IT IS FURTHER ORDERED** that post-judgment interest on the principal amounts set forth above shall accrue at the rate established by 28 U.S.C. § 1961 from the date this Judgment is entered until paid.

…

…

…

3

Pursuant to Rule 54(b), Federal Rules of Civil Procedure, the Court determines there is no just reason for delay of judgment as to less than all of the issues and all of the parties in this action, and hereby directs that this partial judgment be entered forthwith.

Dated this 8th day of July, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge